INTERNATIONAL AIRCRAFT TRADING Co., INC., Plaintiff, *v.* MANU-FACTURERS TRUST Co., Defendant, and IRVING TRUST Co., Impleaded Defendant.

Supreme Court, Special Term, New York County, January 4, 1945.

*Nathan Waxman* for defendant.

*Louis Okin* for plaintiff.

*A. Douglas Shackton* and *John J. O'Connor* for impleaded defendant.

HOFSTADTER, J. Plaintiff drew a check to the order of Lowell Cartridge Corporation in the sum of $5,000. The check was deposited to the account of the corporation in the Irving Trust Company, presented by the Irving Trust Company, with indorsements guaranteed, to the drawee bank, Manufacturers Trust Company, and by it paid and charged to the account of the plaintiff. On the dates upon which the check was drawn, deposited, presented and paid, the organization of the corporation had not yet been accomplished. Plaintiff claims that it is entitled to recover back from the defendant, Manufacturers Trust Company, the $5,000 charged to its account, on the authority of the cases which hold that a check drawn to a fictitious payee and presented, indorsed and paid to one not intended by

the drawer, is improperly charged to his account; the defendant Manufacturers Trust Company contends that these cases are inapplicable, and that in the instant case the parties actually intended by the plaintiff have received the proceeds of the check.

It is plain that in the case at bar the plaintiff dealt with three individuals who it thought were doing business as the Lowell Cartridge Corporation, and who so represented to it. The plaintiff intended the proceeds of the check to be paid to the entity consisting of these three individuals, and so it was. That it had no formal *de jure* or *de facto* corporate existence as yet does not change the essential character of the transaction. The principal purpose of the plaintiff was to instruct the defendant bank to pay the sum of $5,000 to an entity consisting of three individuals. Whether it was known by one name or another or was simply an abstraction in the plaintiff's mind could hardly affect the duties and responsibilities of the defendant. The intention of the plaintiff was fully carried out and no one other than the persons intended received the proceeds of the check.

In view of these conclusions, it is unnecessary to pass upon the other defenses raised.

Complaint dismissed and judgment for the defendant Manufacturers Trust Company; the cross complaint against the impleaded defendant Irving Trust Company falls, and it is dismissed accordingly.